Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Mus Threads, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No.: 22-238-ELG |
| Muse Threads, Inc., | Chapter 11 (Subchapter V) |
| Debtor. | |
| _____/ | |
| Muse Threads, Inc. | Case No.: 23-10037-ELG |
| Plaintiff, | |
| v. | |
| 8fig, Inc. | |
| and | |
| Alien Finance LLC | |
| Defendants | |
| _____/ | |

**<u>JOINT MOTION FOR MEDIATION</u>**

Come now Mus Threads, Inc. ("Muse Threads"), 8fig, Inc. ("8fig"), and Alien Finance LLC ("Alien"), by and through respective undersigned counsel, pursuant to Local Rule 9019-2, and jointly move for judicial mediation of the above-captioned matter, and in support thereof state as follows:

1

1. This case concerns an alleged series of violation of the automatic stay set forth in Section 362 of Title 11 of the United States Code; 8fig and Alien most certainly do not acknowledge any such violations to have occurred and, even if such a violation were found to have occurred, the defendants equally dispute the existence of compensable resulting damages to Muse Threads. The debtor, by contrast, alleges such violations to have occurred and, further, asserts the subject violations to have created economic damages of a severe and existentially-threatening variety.

2. The parties do believe that judicial mediation would be beneficial in endeavoring to foment an amicable resolution of this case.

3. Following consultation between counsel, the parties agree that judicial mediation – by a bankruptcy judge in active duty – would be most beneficial, insofar as the ethos and insight of a sitting judge are likely to be intangibly persuasive to both parties.

4. While the parties lack the ability to privately retain a sitting judge, they are hopeful this Honorable Court may facilitate the appointment of any active duty United States Bankruptcy Judge, without regard to the judicial circuit in which said judge serves. (The parties anticipate mediation would likely be conducted via Zoom, insofar as counsel are disparately located.)

5. Pursuant to Local Rule 9019-2(c)(1)(ii), the parties note that they are hopeful mediation can be undertaken at no cost (excepting the expense of each party compensating its respective counsel).

6. Pursuant to Local Rule 9019-2(c)(1)(iv), the parties would propose to submit confidential memoranda to the mediator not later than ten (10) business days prior to the date of mediation.

7. Pursuant to Local Rule 9019-2(c)(1)(v), the parties note that they do not wish to have the mediator conferred with any actual settlement authority beyond the powers of persuasion.

                Respectfully submitted,

Dated: March 15, 2024      By:    /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      Bar No. MD18071
                                      The Belmont Firm
                                      1050 Connecticut Avenue, NW, Suite 500
                                      Washington, DC 20036
                                      Phone: (202) 991-1101
                                      mac@dcbankruptcy.com
                                      *Counsel for the Debtor*[1]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2024, a copy of the foregoing was served electronically, upon all parties hereto, via this Honorable Court's CM/ECF system.

                                        /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig

---

[1] Counsel for 8fig and Alien has not yet formally appeared herein but has been in contact with counsel for Muse Threads, has affirmatively indicated consent to the relief sought herein, and has reviewed a draft of this motion in substantially (but not literally) identical form to that which is being filed.