The order below is hereby signed.

Signed: May 22 2024



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | **Case No. 22-00238-ELG** |
| **Muse Threads Inc.,**<br>**Debtor.** | **Chapter 11** |
| **Muse Threads Inc.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**8fig, Inc., and**<br>**Alien Finance LLC**<br>**Defendants.** | **Adv. Pro. 23-10037-ELG** |

### ORDER APPROVING CONSENT TO MEDIATION

On March 15, 2024, the parties in the above-captioned adversary proceeding filed a *Joint Motion for Mediation* (the "Motion") seeking appointment of a judicial mediator in this matter. Upon review of the Motion, and the parties consent it is therefore **ADJUDGED**, **ORDERED**, and **DECREED** that:

1.      This adversary proceeding is hereby referred to mediation (the "Mediation") with the Honorable B. McKay Mignault as mediator (the "Mediator"), who shall schedule a conference call by zoom at a time and date convenient for the Mediator and counsel for the parties to set dates

for the Mediation, deadlines for submission of mediation statements, and to discuss any other matter related to the Mediation.

2.      The Mediation shall be non-binding and the Mediator shall not have the authority to render a decision that shall bind the parties.

3.      No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

4.      The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with the Mediation.

5.      In her role as Mediator, the Mediator shall retain the same immunity as she has a judge under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

6.      An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

7.      If the case settles in whole or in part, the parties shall advise the Court of the settlement by promptly filing a stipulation of settlement.

[Signed and dated above.]

Copies to: recipients of electronic notice; and:

8fig, Inc.
c/o T. Marantz, Sales & Ops Ex
11801 Domain Blvd., 3rd Floor
Austin, TX 78758

Alien Finance LLC
5830 E 2nd Street, Suite 7000
#5788
Casper, WY 82609