**UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MUSE THREADS, INC., | § | Case No. 22-238-ELG |
| | § | Chapter 11 |
| *Debtor*. | § | (Subchapter V) |
| | § | |
| | § | |
| MUSE THREADS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Adversary No. 23-10037-ELG |
| | § | |
| 8FIG, INC. AND ALIEN FINANCE LLC, | § | |
| | § | |
| *Defendants*. | § | |

**8FIG, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

**TO THE HONORABLE ELIZABETH L. GUNN, UNITED STATES BANKRUPTCY JUDGE:**

Defendants, 8fig, Inc. and Alien Finance, LLC ("Defendants"), file this Answer and Affirmative Defenses (the "Answer") to the Complaint [Doc. # 1] (the "Complaint") filed by Muse Threads Inc ("Debtor"), and in support thereof would respectfully show the Court as follows:

**Introduction**

1. Defendants admit that this is adversary proceeding relates to the legal hold under the Uniform Commercial Code of Debtor's Shopify Account, but deny the remainder of the allegations, inclusive of the allegations that the action taken by the Defendants was "wanton" or "egregious." Defendants also admit that Debtor owes a pre-petition obligation to Defendant 8fig.

2. Defendants 8fig the substance and intent of paragraph 2. Defendant 8fig's business is sometimes described as a "merchant cash advance" but is more accurately described as an

account purchase transaction in which 8fig purchases future inventory sales revenues generated from specific inventory for various e-commerce merchants in exchange for an upfront purchase price utilized by the merchants to (1) purchase inventory, (2) pay logistical costs associated with that inventory, and (3) market the inventory for sale. 8fig is, therefore, uniquely placed and materially different than the standard "merchant cash advance" funder. Defendants deny the remaining substance of paragraph 2.

3. Defendants admit that, in the simplest terms, a merchant cash advance is the purchase of future accounts receivable for an upfront purchase price, but deny the remainder of the paragraph.

4. Defendants are not required to admit or deny Plaintiff's opinion statements, but, to the extent necessary, deny such allegations.

5. Defendants deny paragraph 5 and specifically deny that paragraph 5 applies to 8fig's business.

6. Defendants deny the allegations in Paragraph 6. 8fig's business is fundamentally different than as alleged by Plaintiff.

7. Defendants admit that the first transaction between 8fig and Debtor was the execution of the Master Future Revenue Purchase Agreement (the "Agreement") but deny the remainder of the allegations regarding that transaction. Defendants deny the remainder of paragraph 7 except insomuch as Defendants admit that a Uniform Commercial Code letter was sent to Stripe which resulted in a hold being placed on the Stripe account related to Plaintiff's Shopify account. Further, Defendants state that, on information and belief, the funds were returned to the Plaintiff upon providing Stripe with a copy of the bankruptcy matter. Finally, as detailed further below, Plaintiff, despite having contact with Defendant 8fig's Texas based counsel, failed

to ever reach out regarding the hold which would have expedited the same being removed upon counsel being alerted to the same.

8. Defendants are not required to admit or deny whether the freeze constituted a violation of the automatic stay as the same is a legal conclusion, but deny the factual allegations contained therein except as previously admitted regarding the Uniform Commercial Code letter. Further, Defendants would point out that Plaintiff did not contact them regarding the hold despite having ongoing conversations with 8fig's Texas-based counsel regarding plan treatment.

9. Defendants are without sufficient information to admit or deny paragraph 9, but to the extent required, deny such allegations.

10. Defendants are without knowledge of the facts alleged in Paragraph 10 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

## Parties

11. Defendants lack information sufficient to admit the allegations in Paragraph 11. .

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

## Jurisdiction and Venue

14. The allegations in Paragraph 14 are legal by nature and, accordingly, no admission or denial is necessary.

15. The allegations in Paragraph 15 are legal by nature and, accordingly, no admission or denial is necessary.

## General Allegations: The Merchant Cash Advance

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit that the parties engaged in a series of transactions but denies the Plaintiff's characterization of the same in Paragraph 18.

19. Defendants believe that Plaintiff's number regarding the amount of purchase price advanced may be incorrect, but admits an additional $30,000.00 was inadvertently wired to Plaintiff.

20. Defendants deny the allegations in Paragraph 20. The transaction between 8fig and the Plaintiff was an account purchase transaction contingent upon the Plaintiff's continued operation and generation of sales for the inventory purchased using 8fig's purchase price. To the extent that there were delays or changes or to the extent the business failed in the ordinary course, these amounts would change, in some cases eliminating Plaintiff's obligations altogether as expressly set forth in the Agreement. The number cited by Plaintiff was subject to and likely to change dependent on the Plaintiff's operations.

21. Defendants deny paragraph 21 in that it misstates the proof of claim filed. The proof of claim filed was secured in the $30,000.00 inadvertently wired, but unsecured in the remainder to the extent that the accounts receivable constituted assets of the estate. Therefore, paragraph 21 is denied.

22. Defendants deny the allegations in Paragraph 22 except to admit that the transaction between Plaintiff and Defendant 8fig is not a loan.

23. Defendants are without knowledge of the facts alleged in Paragraph 23 sufficient to admit or deny the truth thereof. However, 8fig believes that, if this were the reason Plaintiff entered into an agreement with 8fig, it would constitute a material misrepresentation under its agreement. Therefore, Defendants deny such allegations.

**General Allegations: Automatic Stay Violations**

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. The allegations in Paragraph 28 constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations.

29. Debtor's assertion that Defendants had been on actual notice that Debtor had filed for bankruptcy for four months constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations. Defendants admit a UCC Financing Statement was filed inadvertently but deny that it was valid or that it covered Debtor's assets.

30. Defendants admit the allegations in Paragraph 30.

31. Defendants admit that a letter was sent but deny that Alien Finance was on any notice of the bankruptcy.

32. Defendants state that the letter speaks for itself; therefore, no response is required.

33. Defendants lack information sufficient to admit or deny the allegations in paragraph 33.

34. Defendants are without knowledge of the facts alleged in Paragraph 34 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

35. Defendants are without knowledge of the facts alleged in Paragraph 35 sufficient to admit or deny the truth thereof and has seen no documentation to substantiate these claims

Therefore, Defendants deny such allegations.

36. Defendants are without knowledge of the facts alleged in Paragraph 36 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

37. Defendants are without knowledge of the facts alleged in Paragraph 37 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

38. Defendants are without knowledge of the facts alleged in Paragraph 38 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

39. Defendants are without knowledge of the facts alleged in Paragraph 39 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

40. Defendants are without knowledge of the facts alleged in Paragraph 40 sufficient to admit or deny the truth thereof. Further, as demonstrated below, the hold was released promptly when 8fig's counsel was alerted to the issue. Therefore, Defendants deny such allegations.

41. Defendants are without knowledge of the facts alleged in Paragraph 41 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

42. Defendants are without knowledge of the facts alleged in Paragraph 42 sufficient to admit or deny the truth thereof. Therefore, Defendants deny such allegations.

43. Defendants are without knowledge of the facts alleged in Paragraph 43 sufficient to admit or deny the truth thereof. Defendants have not been provided with any substantiation of these claims, despite requests for the same, and therefore cannot admit or deny the same. Therefore, Defendants deny such allegations.

44. Defendants deny the allegations and request proof thereof. Despite repeated requests for information to substantiate the claimed damages, none has been provided.

45. Defendants admit an email was sent to Debtor on December 21, 2023, via the

automatic e-mail system but denies any implication that it attempted to obtain payment from Debtor. Defendants deny that the email attached to the Complaint as Exhibit E could be characterized as a collection email and denies that it is unwilling or incapable of adhering to the Automatic Stay.

## Count I – Fraudulent Conveyance (11 U.S.C. § 548)

46. Defendants repeat and realleges each and every foregoing response as though fully set forth herein.

47. The allegations in Paragraph 47 constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants are without knowledge of the facts alleged in Paragraph 51 sufficient to admit or deny the truth thereof. However, based upon the information provided by the Plaintiff at the time it requested a transaction with 8fig, Plaintiff did not disclose it was insolvent and, if it had, 8fig would not have entered into a contract with Plaintiff. Therefore, Defendants deny such allegations.

The allegations in the first unnumbered paragraph found on Page 11 of the Complaint constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations. Defendants deny that Debtor is entitled to any of the relief sought in the Complaint. Further, the UCC-1 filing has already been terminated as it was inadvertently filed by a company which was, itself, new and inexperienced at the time in

bankruptcy matters. Therefore, Defendants request that Plaintiff take nothing by way of its cause of action because it has no injury and no damages.

## Count II – D.C. Code § 28-3101, *et seq.*

52. Defendants repeat and reallege each and every foregoing response as though fully set forth herein.

53. The allegations in Paragraph 53 constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations.

The allegations in the second unnumbered paragraph found on Page 11 of the Complaint constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations. Defendants deny that Debtor is entitled to any of the relief sought in the Complaint. Therefore, Defendants request that Plaintiff take nothing by way of its cause of action because it has no injury and no damages.

## Count III – Violation of the Automatic Stay (11 U.S.C. § 362)

54. Defendants repeats and realleges each and every foregoing response as though fully set forth herein.

55. The allegations in Paragraph 55 constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 constitute legal conclusions, to which a response is neither warranted or required. Further, Defendants did not attempt to "garnish" as the same would require a court order. To the extent a response is required, Defendants deny the allegations.

57. Defendants deny it "was actual constructive notice" of this bankruptcy proceeding.

Defendants further denies that it garnished Debtor's Stripe account. Defendants also denies that Debtor's Stripe account contained credit card proceeds. Defendants does not have sufficient knowledge to admit or deny whether Alien Finance had equal knowledge as Defendants as to the Debtor's bankruptcy. To the extent a response is required, Defendants deny the allegations.

58. Defendants are without knowledge of the facts alleged in Paragraph 58 sufficient to admit or deny the truth thereof. Defendants have requested evidence to substantiate the "damages" suffered by Plaintiff, but have received nothing to substantiate such claims and therefore must deny the allegations. Therefore, Defendants deny such allegations.

59. The allegations in the Paragraph 59 of the Complaint constitute legal conclusions, to which a response is neither warranted or required. To the extent a response is required, Defendants deny the allegations. Defendants deny that Debtor is entitled to any of the relief sought in the Complaint. Therefore, Defendants request that Plaintiff take nothing by way of its cause of action because it has no injury and no damages.

## AFFIRMATIVE AND OTHER DEFENSES

60. Debtor fails to state a claim upon which relief may be granted against Defendants.

61. The claims are barred, in whole or in part, because the funds in Debtor's Stripe account do not constitute property of the Debtor's estate, but rather are property of 8fig pursuant to the Agreement.

62. The claims are barred, in whole or in part, due to superior interest.

63. The claims are barred, in whole or in part, because the Debtor failed to mitigate its damages.

64. Defendants plead that the claims asserted against it are barred, in whole or in part, because the damages allegedly incurred by Debtor were caused by a party other than Defendants.

65. Defendants plead the affirmative defense that any damages incurred by Debtor were the result of its own actions or inactions or the actions of another party.

66. Defendants plead the affirmative defense of new value.

67. Defendants plead the affirmative defense that the Agreement constitutes an account purchase transaction as defined by Tex. Fin. Code. 306.103.

68. Defendants plead the affirmative defense that Plaintiff, by and through its officers, committed fraud in the inducement which caused its damages.

69. Defendants plead the affirmative defense that Plaintiff suffered no injury or harm and no damages by way of the conduct alleged herein.

70. Defendants plead the affirmative defense that Plaintiff's alleged damages

71. Defendants reserves the right to supplement or amend this Answer, including the assertion of any additional defenses or affirmative defenses.

## CONCLUSION AND REQUEST FOR RELIEF

Defendants respectfully requests that the Court grant judgment (a) dismissing the Complaint with prejudice; (b) denying any and all relief requested by Debtor; (c) entering a take nothing judgment as to all of Plaintiff's claims and (d) awarding Defendants any such other and further relief as the Court deems just and proper.

*Signature Page Immediately Follows*

Dated: August 16, 2024

**8FIG, INC. and
ALIEN FINANCE, LLC**

**By Counsel:**

*/s/ John T. Farnum*
John T. Farnum, Esq. (DC Bar No. 983831)
**MILES & STOCKBRIDGE, PC**
1201 Pennsylvania Ave., Suite 900
T/F - 202.465.8385
jfarnum@milesstockbridge.com

-and-

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
817-338-1616 – Telephone
817-338-1610 – Facsimile

*/s/ John E. Johnson (admitted pro hac vice)*
Mark W. Stout, Esq.
State Bar I.D. # 24008096
mstout@padfieldstout.com
John E. Johnson, Esq.
Bar Card [Tex.] 24025457
D.C. Bar Inactive

### CERTIFICATE OF SERVICE

This is to certify that I have on August 16, 2024, I electronically served a true and correct copy of the foregoing pleading on all registered ECF users in this case, including counsel for Plaintiff.

*/s/ John T. Farnum*
John T. Farnum